825 So.2d 709 (2002)
Earl BLUE a/k/a "Pig", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00395-COA.
Court of Appeals of Mississippi.
September 3, 2002.
*710 Leland H. Jones, III, Greenwood, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
McMILLIN, C.J., for the court.
¶ 1. Earl Blue has appealed his conviction of armed robbery by a Leflore County Circuit Court jury. Blue argues in this appeal that the trial court erred when it did not require the State to provide race-neutral reasons for two of its peremptory challenges to potential jurors. Additionally, Blue argues that the trial court erred in allowing a witness to offer narrative testimony to contemporaneously explain events appearing in a videotape of the robbery incident. We find these issues to be without merit and affirm the conviction.

*711 Facts
¶ 2. In early May 2000, Earl Blue entered the Double Quick convenience store in Leflore County and robbed the clerk at gunpoint, absconding with approximately $250 in cash. A security videotape in the store recorded the entire event. The cashier was also able to identify Blue in a photo lineup later that same day. Blue was indicted and convicted for the robbery.
¶ 3. During the course of trial, the State presented the cashier from the robbery for direct examination. The State asked the cashier to explain the events of the robbery while portions of the surveillance tape were played. The defense objected, but was overruled. The cashier proceeded to narrate what transpired during the robbery while the tape was played to the jury.
¶ 4. Ultimately, the jury found Blue guilty of armed robbery, but was unable to reach an agreement as to the length of his sentence. The court sentenced Blue to twenty-five years in the custody of the Mississippi Department of Corrections. In his appeal, Blue claims that the trial court committed reversible error (a) by denying Defendant's Batson challenge on the State's two peremptory strikes and (b) by overruling Defendant's objection to the cashier narrating events of the robbery while the surveillance tape was played, thereby creating undue prejudice, confusion of the issues and undue delay.

I.

First Issue: Defendant's Batson Challenge
¶ 5. During voir dire, defense counsel used ten peremptory challenges to strike prospective jurors, all of whom except one were white venire members. The State suggested to the court that the pattern gave rise to a prima facie case of an improper racially-motivated exercise of peremptory challenges. The court agreed and required defense counsel to articulate racially-neutral reasons for the strikes. The court accepted some of the reasons offered but ultimately disallowed three of the defendant's challenges as not being motivated by race-neutral reasons.
¶ 6. Defense counsel thereupon objected that the State had used two of its peremptory challenges to exclude two black females and claimed that these strikes were, likewise, motivated by improper racial considerations. The State responded that it had originally accepted the first twelve jurors tendered and had ultimately accepted at least three other black females on the jury. Even at that point, the State voluntarily withdrew one of its challenges.
¶ 7. Blue asserts that the trial court erred by failing to require the State to provide race-neutral reasons for its two peremptory challenges, when the court had required the defendant to do so. Blue contends that the fact that he is black coupled with the fact that the two peremptory challenges by the State were against black venire members necessarily establishes a prima facie case of discriminatory use of the strikes.
¶ 8. Under Batson v. Kentucky, a party asserting the issue of racially motivated strikes may require the opposing side to articulate its racially-neutral reasons only after the court is convinced that a prima facie case of discriminatory practices has been shown. Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Mississippi Supreme Court has said that the prima facie burden is satisfied by showing that the "proponent has engaged in a pattern of strikes based on race or gender, or in other words `the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" Id. (citing Puckett v. State, 788 So.2d 752 (¶ 10) (Miss.2001)). The trial court's determination of the question will not be disturbed on review absent a showing that it was against the overwhelming *712 weight of the evidence or clearly erroneous. See Johnson v. State, 792 So.2d 253(¶ 9) (Miss.2001).
¶ 9. In the case before us, the court found merit in the State's contention that the use of two peremptory challenges against prospective jurors who were black did not establish a pattern of discrimination in view of the fact that the State had already accepted three black jurors. Any evidence of discriminatory intent by the State was further weakened when the prosecution voluntarily accepted one of the two challenged jurors. On these facts, we do not find error in the trial court's finding that a prima facie case had not been made and that, in that situation, there was no need to require the State to articulate specific race-neutral reasons for the one remaining contested challenge.
¶ 10. Blue's statement of issues also contains a claim of error in the trial court's handling of the defense's use of its peremptory challenges to repeatedly exclude white venire members as possible jurors. However, in the brief itself, Blue confines his argument to the matter of the peremptory challenges exercised by the State and does not touch on the trial court's handling of the defense's peremptory challenges. An issue on appeal not supported by appropriate citations to the record and persuasive legal argument accompanied, where appropriate, by citation to precedent will not be considered on appeal. Conley v. State, 790 So.2d 773 (¶¶ 28-31) (Miss.2001).

II.

Second Issue: Whether the Cashier's Testimony Unduly Prejudiced the Defendant
¶ 11. Blue urges that the cashier's narration of the videotape during direct examination was unduly prejudicial since the images played by the surveillance video were clearly shown on the screen and, thus, self-explanatory. In that circumstance, Blue argues, the accompanying narration tended to improperly bolster the evidentiary value of the tape.
¶ 12. The State, in reliance on Potts v. State, points out that the cashier's narration was used only for the purpose of showing the jury exactly what was taking placean entirely permissible and helpful activity that is to be distinguished from the circumstance where a witness attempts to place his or her own subjective interpretation of events transpiring in the video based on nothing beyond the witness's own inspection of the contents of the videotape. Potts v. State, 755 So.2d 521 (¶¶ 13-15) (Miss.Ct.App.1999). So long as the witness's testimony is confined to matters actually perceived first-hand there can be no improper prejudice to the defendant to permit the witness to relate those observations to the jury during its view of the tape in order to help the jury reach a better understanding of what the witness contends is transpiring on the tape of the witness's own personal knowledge.
¶ 13. We find this issue to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.